IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FT. SMITH DIVISION

LPP MORTGAGE LTD.

    PLAINTIFF,

v.

MID-SOUTH DREDGING COMPANY and
DONALD CHARLES LIND, JR.

    DEFENDANTS

BRENDA S. ALTMAN, JULIANNE LIND and
FIRST NATIONAL BANK OF FORT SMITH

    SEPARATE DEFENDANTS

Case No. 05-2082

## CONSENT JUDGMENT

On this day, this case came on to be heard and based upon the pleadings and affidavits on file herein and the agreement of the parties, the Court finds and determines as follows:

1. LPP Mortgage is a Texas limited liability partnership with its principal place of business in Plano, Texas.

2. Defendant Mid-South Dredging Company ("Mid-South") is an Arkansas corporation with its principal place of business in Ft. Smith, Sebastian County, Arkansas. Defendant Donald Charles Lind, Jr. ("Lind") and Separate Defendant Julianne Lind are residents of the State of Florida. Separate Defendant Brenda S. Altman is an individual resident of Ft. Smith, Sebastian County, Arkansas. Separate Defendant First National Bank of Fort Smith ("First National") is a national bank with its principal place of business in Fort Smith, Sebastian County, Arkansas.

3. The property upon which foreclosure is sought is located in Sebastian County, Arkansas.

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00). Venue properly lies in this district pursuant to 28 U.S.C. § 1392 because the action is of a local nature and involves property located Sebastian County, Arkansas, within the Western District of Arkansas.

5. For valuable consideration and to obtain a loan, Mid-South executed and delivered to the Small Business Administration ("SBA") a promissory Note dated November 14, 1984, in the original principal amount of $350,000.00 and bearing interest at the rate 4% per annum (the "Note"). Plaintiff is the current owner and holder of the Note.

6. Contemporaneously with the execution and delivery of the Note and to secure payment of the Note, Lind and Brenda S. Altman (f/k/a Brenda S. Lind) executed, acknowledged and delivered to the SBA that Mortgage dated November 14, 1984 ("Mortgage") covering the property described in the Mortgage including the following described real property and improvements thereon lying in Ft. Smith District, Sebastian County, Arkansas (the property covered by the Mortgage being herein referred to as the "Property"):

> **PART OF THE S/2 OF THE NW/4 AND PART OF THE N/2 OF THE SW/4 OF SECTION 26, TOWNSHIP 9 NORTH OF RANGE 32 WEST, BEING A PART OF LOT 2 OF BOONE'S SUBDIVISION, DESCRIBED AS: COMMENCING AT THE SOUTHWEST CORNER OF SECTION 26; THENCE NORTH ALONG THE WEST LINE THEREOF 1350 FEET; THENCE EAST 1664.4 FEET; THENCE NORTH 0 DEG. 33 MIN EAST 394.95 FEET TO THE NORTH RIGHT-OF-WAY LINE OF CLAYTON EXPRESSWAY FOR THE POINT OF BEGINNING; THENCE NORTH 51 DEG. 44 MIN. WEST ALONG SAID NORTH RIGHT-OF-WAY LINE 524.6 FEET; THENCE NORTH 0 DEG. 33 MIN. WEST 675 FEET TO THE SOUTHERLY HIGH BANK OF THE ARKANSAS RIVER; THENCE SOUTH 55 DEG. 33 MIN. EAST 250 FEET ALONG SAID**

SOUTHERLY HIGH BANK; THENCE SOUTH 69 DEG. 16 MIN. EAST 234.9 FEET ALONG SAID SOUTHERLY HIGH BANK; THENCE SOUTH 0 DEG. 33 MIN. WEST 775.3 FEET TO THE POINT OF BEGINNING, EXCEPT PUBLIC ROADS.

The Mortgage was filed of record in the Office of the Circuit Clerk and Ex-Officio Recorder of Sebastian County, Arkansas on November 14, 1984 and re-recorded on November 21, 1984 in Record Book 460, Pages 1679-1682. In the Mortgage all rights of redemption and appraisement under the laws of the State of Arkansas were waived.

7. To further secure payment of the Note, Mid-South executed and delivered to the SBA that Security Agreement dated November 14, 1984. The Security Agreement granted a security interest in the following personal property (the "Personalty"):

> All equipment and machinery, including power-driven machinery and equipment, now owned or hereafter acquired, together with all replacements thereof, all attachments, accessories, parts and tools belonging thereto or for use in connection therewith.

The security interests have been perfected by filings with the Secretary of the State of Arkansas

8. To further secure payment of the Note, Lind executed and delivered to the SBA that Guaranty dated November 14, 1984 (the "Guaranty") pursuant to which Lind unconditionally guaranteed payment of the indebtedness evidenced by the Note.

9. For valuable consideration and to obtain a loan, Mid-South executed and delivered to the SBA a promissory Note dated November 14, 1984, in the original principal amount of $65,000.00 and bearing interest at the rate 4% per annum ("Note Two"). The Note and Note Two are collectively referred to herein as the "Notes."

10. Contemporaneously with the execution and delivery of Note Two and to secure payment of Note Two, Lind executed, acknowledged and delivered to the SBA that Mortgage dated November 14, 1984 ("Mortgage Two") covering the Property. Mortgage Two was filed of

3

record in the Office of the Circuit Clerk and Ex-Officio Recorder of Sebastian County, Arkansas on November 14, 1984 Record Book 460, Pages 1160-1163. In Mortgage Two, all rights of redemption and appraisement under the laws of the State of Arkansas were waived. The Mortgage and Mortgage Two are collectively referred to herein as the "Mortgages."

    11.    To further secure payment of Note Two, Mid-South executed and delivered to the SBA that Security Agreement ("Security Agreement Two") dated November 14, 1984. The Security Agreement granted a security interest in the following personal property (the "Personalty Two"):

> Machinery and equipment, excluding automotive, now owned, hereafter acquired, or purchased in whole or in part from the proceeds of this loan, and/or the proceeds of disposition thereof.

The security interests have been perfected by filings with the Secretary of the State of Arkansas described above. The Security Agreement and Security Agreement Two are collectively referred to herein as the "Security Agreements." The Personalty and Personalty Two are collectively referred to hereinafter as the "Personalty."

    12.    To further secure payment of Note Two, Lind executed and delivered to the SBA that Guaranty dated November 14, 1984 ("Guaranty Two") pursuant to which Lind unconditionally guaranteed payment of the indebtedness evidenced by Note Two. The Guaranty and Guaranty Two are collectively referred to herein as the "Guarantees."

    13.    On or about January 6, 1997, the loan evidenced by Note Two was modified and extended pursuant to the terms of that Note Modification and Extension Agreement executed by Mid-South (the "Modification"). The Modification was recorded with the Circuit Clerk and Ex-Officio Recorder of Sebastian County, Arkansas on March 11, 1997 in Micro Film Reel No. 636, Page 41.

4

14. On April 1, 1997, Mid-South filed for protection under Chapter 11 of the United States Bankruptcy Code in Case Number 2:97-70296 in the United States Bankruptcy Court for the Western District of Arkansas, Fort Smith Division.

15. In connection with Mid-South's Chapter 11 bankruptcy, Mid-State caused to be filed its Second Amended Plan of Reorganization as Modified (the "Plan") on June 4, 1998. The Plan was confirmed by Order of the United States Bankruptcy Court entered on June 4, 1998.

16. Under the Plan, the amounts due the SBA were recognized to be $248,534.68 together with accrued interest of $8,960.87 with interest accruing at the rate of four percent (4%) per annum as of the Plan filing date. Under the Plan, Mid-South was to begin making quarterly payments in the amount of $5,727.85 over a fifteen year period commencing on the first day of the calendar quarter following payment in full to Mid-South on the Hickman, Kentucky project.

17. The Notes, Mortgages, Security Agreements, the Guarantees and the other documents evidencing or securing the loan evidence by the Notes were assigned by the SBA to Plaintiff pursuant to those Assignment of Notes and Liens recorded with the Circuit Clerk and Ex-Officio Recorder of Sebastian County, Arkansas, Fort Smith District on November 19, 2001 as Document Number 7057883 and on December 5, 2001 as Document Number 7059314.

18. Mid-South has defaulted in its obligations under the Notes and the Plan and Plaintiff previously exercised its rights to accelerate the amounts due in connection with the loan evidenced by the Notes and the Plan. Plaintiff's right to foreclose the Mortgages as well as exercise its rights under the instruments securing the Notes has become absolute.

19. The parties have agreed, subject to Mid-South's and Lind's right to satisfy the judgment hereinafter described for a lesser amount, that the amount due under the Notes for purposes of this judgment is $370,256.02. By virtue of the Notes, the Mortgages, the Security

5

Agreements, the Guarantees and the other documents securing the Notes, Plaintiff has a lien upon the Property and the Personalty which is first, paramount and prior to the right, title, claim, lien and interest of all others.

20. As a result of the above described default Plaintiff is entitled to recover judgment *in rem* against the Property and the Personalty and in personam against Mid-South and Lind, jointly and severally, in the amount of $370,256.02 and to foreclose its interests in the real and personal property securing Notes, subject however, to Mid-South's and Lind's right to satisfy the judgment for a lesser amount set forth below.

21. Separate Defendants Brenda S. Altman (f/k/a Brenda S. Lind) and Julianne Lind may claim an interest in the Property or the Personalty by virtue of their status as the current or former spouses of Lind. Any interest of Julianne Lind in and to the Property and the Personalty is subordinate and inferior to the interests of Plaintiff in the Property and the Personalty. Separate Defendant Brenda S. Altman has disclaimed any interest in the Property and the Personalty pursuant to that Disclaimer of Interest filed in this matter and is hereby dismissed from this action.

23. Separate Defendant First National may claim an in interest in the Property or the Personalty by virtue of various mortgages, security agreements and assignments of rents including, without limitation, the following: (a) UCC Financing Statement filed for record on April 3, 1985 and recorded under UCC No. 85-599 in the records of Sebastian County, Arkansas; (b) Mortgage dated October 6, 1980 and filed for record October 13, 1980 in Book 413, Page 1783 of the records of Sebastian County, Arkansas securing the original amount of $137,604.11; (c) Mortgage dated July 1, 1981 and filed for record July 28, 1981 in Book 423, Page 908 of the records of Sebastian County, Arkansas securing the original amount of $118,471.32, said

6

Mortgage modified by Modification Agreement executed by Don C. Lind d/b/a DDC Enterprises, recorded in Book 582, Page 193 of the records of Sebastian County, Arkansas and Modification Agreement executed by Mid-South Dredging, Inc., recorded in Book 582, Page 195 of the records of Sebastian County, Arkansas; (d) Mortgage dated October 9, 1993, filed for record November 3, 1993 in Book 584, Page 212 of the records of Sebastian County, Arkansas securing the original amount of $622,866.32, being comprised of two notes in the amounts of $507,739.17 and $115,127.15, said Mortgage re-recorded in Book 584, Page 1261 of the records of Sebastian County, Arkansas; (e) Mortgage dated November 17, 1993, filed for record on November 19, 1993 in Book 585, Page 33 of the records of Sebastian County, Arkansas securing the original amount of $300,000.00; (f) Mortgage dated October 18, 1995, filed for record on February 12, 1997, in Book 634, Page 1876 of the records of Sebastian County, Arkansas securing the original amount of $283,542.79; (g) UCC Financing Statement filed for record on July 25, 1997 in Book 642, Page 909 of the records of Sebastian County, Arkansas; (h) Mortgage dated May 20, 2005 and recorded on May 31, 2005 as Document No. 7163381 of the records of Sebastian County, Arkansas securing the original amount of $196,834.92; and (i) Assignment of Rents dated May 20, 2005, filed for record on May 31, 2005 as Document No. 7163382 of the records of Sebastian County, Arkansas. Any interest claimed by First National in and to the Property and the Personalty is subordinate and inferior to the interests of Plaintiff in and to the Property and the Personalty.

IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED as follow:

A. Plaintiff shall have and recover judgment against Mid-South and Lind, jointly and severally, and *in rem* against the Property and the Personalty in the amount of $370,256.02. The amounts awarded under this Judgment shall bear interest at the rate of 8.75% per annum.

7

B.   Pursuant to the agreement of the parties, Mid-South and Lind shall have the right to satisfy this judgment by paying the sum of $270,000.00 in accordance with the following terms and conditions: (i) Mid-South and Lind shall deliver to Plaintiff within the thirty (30) days from the date of this judgment the sum of $30,000.00 in good funds; (ii) Mid-South and Lind shall deliver to Plaintiff within one (1) year from the date of this judgment, the additional sum of $240,000.00 plus interest accrued and unpaid from and after the last installment of interest paid all in good funds; (iii) interest shall accrue on the $240,000.00 at the rate of four percent (4%) per annum from and after the date of this judgment with payments of accrued interest due Plaintiff in good funds on March 1, 2007, June 1, 2007, September 4, 2007 and the final interest payment due on the date which one (1) year from the date of this judgment; and (iv) Lind shall pay all real estate taxes due with respect to the Property. In the event of any default in the foregoing payment obligations, this paragraph shall be of no further force and effect and the full amount of the judgment set forth in paragraph A shall be due and payable less any credits for any amounts paid pursuant to this paragraph.

C.   The foregoing judgment by virtue of the Mortgages and Security Agreements constitutes the first and prior liens on the Property and the Personalty and are superior to all other interests held or claimed in and to the Property and the Personalty including without limitation, any and all interests claimed by the Defendants and Separate Defendants, all rights or possibilities of dower or homestead, appraisement, any rights of redemption and the rights of any and all persons claiming under the foregoing.

D.   Upon the earlier of: (i) a failure to perform the obligations under paragraph B above; or (ii) one (1) year from the date of this Judgment, the Circuit Clerk of Sebastian County, Arkansas, who is hereby appointed Commissioner, shall sell the Property and the Personalty at

the door of the Sebastian County Courthouse in Fort Smith, Arkansas, at public auction, to the highest bidder, the date and hour of such sale to be fixed by said Commissioner. Upon such sale all rights, titles, interests, estates and equity or possibilities of dower, redemption, curtesy, homestead or appraisement of the Defendants and Separate Defendants in the Property and the Personalty, or any one claiming by, through or under them shall be foreclosed and forever barred.

D. The Commissioner will give notice of such sale once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Sebastian County, Arkansas, where the Property and the Personalty are situated.

E. The Property and the Personalty shall be sold on a credit of thirty (30) days; the purchaser will be required to execute a bond, with a commercial corporate surety, bearing interest from the date of sale until paid at the rate of ten percent (10%) per annum, the payment of said purchase price to be secured by a lien upon the purchased property; provided, however, that if the Plaintiff becomes the purchaser at the sale for an amount not in excess of its judgment, interest and costs herein, in lieu of giving bond, it may credit the amount of its bid, less the cost of these proceedings, including the Commissioner's fee, on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of its judgment with respect to the Property and the Personalty to the extent of such credit; and provided further that if its bid shall exceed the amount of the Judgment, interest and costs, it should be required to give bond only for the overplus. Any such overplus from the sale of the Property and the Personalty, over and above the Plaintiff's Judgment, interest, and costs shall be paid over to the registry of the court and anyone who claims an equitable or legal interest in and to all or a portion of the overplus shall petition the Court for a determination of each party's priority of interest and

aliquot shares or proration, if any, thereunto said surplus. Should any successful bidder fail to perform under the instructions of the Commissioner at time of sale, then that bid shall be void and set aside. The Commissioner thereafter shall find that the Property and the Personalty be awarded to the next successive higher bidder, until performance is rendered.

F.   Such sale of the Property and the Personalty shall constitute a permanent bar to and shall foreclose all rights of redemption, dower, curtesy, homestead and appraisement and all other right, title, claim and interest in the Property which Defendants and Separate Defendants, as well as their heirs, personal representatives, successors or assigns or anyone claiming by, through or under the foregoing, may claim with respect to the Property and the Personalty.

G.   The Commissioner will report to the Court all actions taken hereunder.

H.   In the event the Judgment herein awarded is not paid as directed and the Property and the Personalty are sold by the Commissioner at a foreclosure sale, then upon application to the Clerk of this Court by the successful foreclosure sale purchaser, or the purchaser's attorney, showing that the possession of the purchased property has been withheld from such purchaser, the Clerk will issue and deliver forthwith to the Sheriff of Sebastian County, Arkansas, a Writ of Assistance to enforce delivery of possession of the purchased property to the purchaser.

I.   Based upon her Disclaimer of Interest, Separate Defendant Brenda S. Altman is hereby dismissed from this action.

IT IS SO ORDERED.

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 2 1 2006
CHRIS R. JOHNSON, CLERK
BY
        DEPUTY CLERK

UNITED STATES DISTRICT JUDGE

DATE: 11-21-06

10

AGREED:

PRYOR, ROBERTSON & BARRY, PLLC
P. O. Drawer 848
Fort Smith, Arkansas 72902-0848


By:_____
   Ben T. Barry, #73005

*Attorneys for Mid-South Dredging Company,
Donald Charles Lind, Jr. and Julianne Lind*

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201


By:_____
   Harry A. Light, #89222

*Attorneys for LPP Mortgage Ltd.*

WARNER, SMITH & HARRIS PLC
P. O. Box 1626
Fort Smith, AR 72902

By: /s/ Kathryn A. Stocks
   Kathryn A. Stocks, #91116

*Attorneys for First National Bank of Fort Smith*

AGREED:

PRYOR, ROBERTSON & BARRY, PLLC
P. O. Drawer 848
Fort Smith, Arkansas 72902-0848

By: *Ben Barry*
    Ben T. Barry, #73005

*Attorneys for Mid-South Dredging Company,
Donald Charles Lind, Jr. and Julianne Lind*

Friday, Eldredge & Clark, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201

By: *[signature]*
    Harry A. Light, #89222

*Attorneys for LPP Mortgage Ltd.*

WARNER, SMITH & HARRIS PLC
P. O. Box 1626
Fort Smith, AR 72902

By: _____
    Kathryn A. Stocks, #91116

*Attorneys for First National Bank of Fort Smith*

12